MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Johnson,<br><br>Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>Defendants. | No. CV 21-00559-PHX-MTL (ESW)<br><br>**ORDER** |

Plaintiff Richard Johnson is confined in the Arizona State Prison Complex-Eyman and has been granted leave to proceed in forma pauperis. In an October 5, 2021 Order, the Court ordered Defendants Higginson, Thielman, and O'Connor to answer Counts Two and Three of the First Amended Complaint but dismissed Count One, including Plaintiff's untimely retaliation claim against Defendant Brass based on events that took place in 2014. On October 19, 2021, Plaintiff filed a Request for Judicial Review (Doc. 11), seeking reconsideration of the dismissal of Defendant Brass because Plaintiff believes the limitations period did not begin in 2014 and was tolled pursuant to Arizona Revised Statutes section 12-821.01(C). Even if the limitations period began at a later time and was tolled, it is not enough to make the retaliation claim against Defendant Brass timely. Thus, the Court will deny the Request for Judicial Review.

**I.    Relevant Background**

In his First Amended Complaint, Plaintiff alleged that prior to May 1, 2014, he was confined in a maximum-security solitary confinement unit and submitted grievances

regarding cell conditions and officers sexually harassing him. On May 1, 2014, he was transferred to a less restrictive unit, where he continued to pursue his previously filed grievances, despite a corrections officer telling him to "let [his] grievances go."

Plaintiff claimed that on June 5, 2014, he was involuntarily transferred to a more restrictive, maximum-security unit, "'pending validation'" as a Security Threat Group (STG) member. Plaintiff asserted this was "mere pretext" because, at that point, Special Security Unit (SSU) officers had not initiated his STG validation packet and had not "collected the necessary STG-specific evidence to consider Plaintiff as an STG suspect." Plaintiff was validated as an STG member after an October 2014 hearing.

Plaintiff alleged that Defendant Brass, who was the SSU officer who initiated Plaintiff's validation packet "before he was even a suspect and after Plaintiff submitted several grievances," engaged in retaliatory conduct and that a reasonable person could conclude Defendant Brass's actions were "highly questionable" regarding "the timing of the evidence gathering," the validity of the evidence, and the "nonexistence of documented gang activity prior to Plaintiff's 'pending validation' transfer." Specifically, Plaintiff claimed Defendant Brass: "purportedly found paperwork in Plaintiff's property that he deemed [to be] STG documents"; "used a list of names that he portrayed as [being in] Plaintiff's handwriting as evidence of gang activity"; and transferred Plaintiff to the maximum-security unit "before the requisite documented assignment of the minimum points."

After Plaintiff was validated, he filed a civil rights lawsuit, *Johnson v. McWilliams*, CV 15-00670-PHX-MTL (D. Ariz.), against several prison officials, but not Defendant Brass. According to Plaintiff, on January 23, 2020, the parties agreed to a "Settlement Agreement and Release of Claims" providing, among other things, that Plaintiff would receive a new validation hearing. Plaintiff received his new validation hearing in September 2020.

In dismissing as untimely the retaliation claim against Defendant Brass, the Court noted that the applicable statute of limitations in an action under 42 U.S.C. § 1983 is the

forum state's statute of limitations for personal injury actions, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), and that the Arizona statute of limitations for personal injury actions is two years, *see* Ariz. Rev. Stat. § 12-542(1). The Court explained that accrual of § 1983 claims is governed by federal law, *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and that under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Because Defendant Brass's allegedly retaliatory conduct took place in 2014, the Court concluded that Plaintiff's claim against Defendant Brass had accrued more than two years before Plaintiff filed his Complaint on March 31, 2021.

## II.   Plaintiff's Request for Judicial Review

Plaintiff claims that while Defendant Brass's actions took place in 2014, Plaintiff could not have known of his injury "absent [CV 15-00670]" because "[p]rior to [CV 15-00670], [Defendant] Brass's unconstitutional actions remained 'confidential' and "on a need-to-know basis only' in accordance with departmental policies in effect at the time."

Plaintiff also contends the limitations period was tolled under Arizona Revised Statutes section 12-821.01(C), which tolls the time for filing a notice of claim against a public entity or public employee for "any claim that must be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term" until "all such procedures, processes or remedies have been exhausted." According to Plaintiff, the settlement agreement in CV 15-00670 released his claims and causes of action against three individuals but did not release his claims against the State of Arizona, its departments or agencies, or its agents or employees, "including claims or causes of action that may arise out of the new Validation Hearing." Plaintiff alleges that because he accepted another validation hearing, Defendant Brass's "unconstitutional actions contributed, enabled, and perpetuated Plaintiff's cause of action." He also asserts that his claim against Defendant Brass "was subjected 'to a binding'

'contractual term'—the settlement agreement in CV 15-00670—that "involved a 'review process pursuant to a . . . administrative or government rule or regulation' (STG Validation Appeal Process) that had to be exhausted," and, therefore, his cause of action did not accrue until "an underlying judgment bec[a]me filing or non-appealable."

Finally, Plaintiff alleges Defendant Brass could have "cured his unconstitutional actions" at the new validation hearing, but "consciously chose to perpetuate his unconstitutional actions" when he provided "misleading and/or factually inaccurate" answers to Plaintiff's questions at a 2020 validation hearing.

**III.   Standard When Considering a Motion for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

. . . .

. . . .

## IV. Analysis

Plaintiff's alleged injury was being validated as an STG member. Even if Plaintiff did not specifically know of Defendant Brass's alleged involvement in 2014, he was, at a minimum, aware of his injury by April 14, 2015, when he specifically raised a retaliation claim based on the STG validation in his original complaint in CV 15-00670.[1] *See Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) ("Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it."); *Clavette v. Sweeney*, 132 F. Supp. 2d 864, 875 (D. Or. 2001) ("a cause of action accrues when the plaintiff knows of the injury and its physical cause even if the plaintiff does not know who inflicted the harm"). And Plaintiff certainly knew of Defendant Brass's alleged involvement by March 3, 2017, when defendants in CV 15-00670 filed a statement of facts in support of their motion for summary judgment with excerpts of Plaintiff's Validation Packet, including portions of Defendant Brass's SSU Memorandum. *See* CV 15-00670, Doc. 129-1 at 40-75. Even that date is more than two years before Plaintiff filed this lawsuit.

Moreover, although Plaintiff's argument regarding Arizona Revised Statutes section 12-821.01(C) is difficult to follow, that statute only tolls the limitations period during the mandatory exhaustion of administrative remedies. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). It did not toll the limitations period for his claim against Defendant Brass while Plaintiff litigated and settled CV 15-00670 or while he received and then challenged his new validation hearing.

Finally, Defendant Brass's alleged decision to "perpetuate his unconstitutional actions" at a new validation hearing in 2020 does not somehow revive Plaintiff's claim regarding actions Defendant Brass allegedly took in 2014.

---

[1] *See* CV 15-00670, Doc. 1 at 17 ("I believe that ADOC's decision to validate me as a member of a Security Threat Group (STG) was done as another action of retaliation. The contradicting statements made to me by prison officials, the dates given during the validation process, the evidence used to validate me (alleged evidence), the lack of an impartial committee, the lack of due process, and the chronological order of being validated I believe are retaliatory.").

The Court has reviewed the First Amended Complaint, the October 5, 2021 Order, and Plaintiff's Request for Judicial Review. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Request for Judicial Review.

**IT IS ORDERED:**

(1) The reference to Magistrate Judge Eileen S. Willett is withdrawn only with respect to Plaintiff's Request for Judicial Review (Doc. 11). All other matters in this action remain with Magistrate Judge Willett for disposition as appropriate.

(2) Plaintiff's Request for Judicial Review (Doc. 11) is **denied**.

Dated this 27th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge